FRANK M. DERRICK, Appellant, *v.* SAMUEL W. WALLACE, Respondent.

**Witness** — when party testifying as witness in his own behalf should be allowed to offer evidence of good reputation to refute impeaching evidence elicited upon his cross-examination.

The plaintiff, called as a witness in his own behalf, on his cross-examination testified that he had been convicted of the crime of forgery and sentenced to State prison for a term of years. He thereafter offered evidence of his general reputation in the community

in which he lived. This was objected to as incompetent on the ground that his reputation had not been impeached except by cross-examination, and the testimony was excluded subject to exception. *Held*, error; that evidence of his good reputation should have been admitted.

*Derrick* v. *Wallace*, 160 App. Div. 681, reversed.

(Argued March 21, 1916; decided April 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 16, 1914, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David N. Salisbury* for appellant. The evidence offered by plaintiff to prove his good general reputation was competent and admissible, and its exclusion by the trial court was error. (*Kober* v. *Miller*, 38 Hun, 184; *Van Bokkelen* v. *Berdell*, 130 N. Y. 141; *Berner* v. *Mittnacht*, 2 Sweeny, 582, 586; *Crapo* v. *People*, 15 Hun, 269; 76 N. Y. 288; *People* v. *Cascone*, 185 N. Y. 317; *Sleeper* v. *Van Middlesworth*, 4 Den. 431; *Anonymous*, 17 Abb. Pr. 48; *Graham* v. *Chrystal*, 2 Keyes, 21; *People* v. *Abbott*, 19 Wend. 192; *Sturmwald* v. *Schreiber*, 69 App. Div. 476, 480; *Dollner* v. *Lintz*, 84 N. Y. 669.)

*Arthur V. D. Chamberlain* for respondent. No error was committed by the court in the exclusion of testimony offered to sustain plaintiff's reputation. (*People* v. *Gay*, 7 N. Y. 378; *Young* v. *Johnson*, 123 N. Y. 226; *Stafford* v. *Morning Journal Assn.*, 142 N. Y. 598; *Bracy* v. *Kibbe*, 31 Barb. 273; Wigmore on Evidence, § 1106.)

POUND, J. The plaintiff, called as a witness in his own behalf, on his cross-examination testified that on the 31st day of October, 1896, he had been convicted of the crime

of forgery in the second degree and sentenced to Auburn State Prison for a term of five years and eight months. He thereafter offered evidence of witnesses of his general reputation in the community in which he lived. This was objected to as incompetent on the ground that his reputation had not been impeached except by cross-examination, and was excluded subject to his exception.

Although opposite views have been taken of this question, we think that evidence of general good reputation should have been admitted. The authorities on both sides are collected by Professor Wigmore in his work on Evidence, § 1106, and the cases and text books supporting the rule are cited by BURFORD, Ch. J., in *First National Bank of Bartlesville* v. *Blakeman* ([1907] 19 Okla. 106; 91 Pac. Rep. 868; 12 L. R. A. [N. S.] 364), and it would be an affectation of research to appropriate the result of their labors by extended citations. Enough to say that such evidence has been admitted almost invariably in the jurisdictions where the question has arisen. It seems, however, to have been assumed that the courts in this state are against its admissibility, and a brief review of the cases may prove helpful. In *People* v. *Rector* ([1838] 19 Wend. 569, 586) a witness admitted on cross-examination acts of idleness, lewdness and dissipation. The party calling him sought to rehabilitate him by general evidence of his good character for truth. The trial court excluded the evidence and this was held error. COWEN, J., said: " These vices and more may abound in a character distinguished for an unyielding attachment to truth." In *Carter* v. *People* ([1842] 2 Hill, 317) the witness admitted on cross-examination that he had been complained of and bound over on a charge of passing counterfeit money. General evidence of his good character *for truth* was excluded, and this was held error on the authority of *People* v. *Rector* (*supra*). In *People* v. *Hulse* ([1842] 3 Hill, 309) defendant sought to discredit the testimony of the People's witness by cross-examination perti-

nent to the issue and by evidence of other witnesses without impeaching her general character or cross-examining her as to specific acts of misconduct. It was held broadly that a party may give evidence of the good character of his witness only when impeaching witnesses have been called on the other side, but the question was reserved whether the evidence of the witness on cross-examination as to the commission of a crime is an exception to this rule. In *People* v. *Gay* ([1852] 7 N. Y. 378, 381) a witness admitted that he had been admitted to bail on a charge of perjury. An offer to prove his general good character for truth and veracity was rejected, and it was said that *People* v. *Rector* and *Carter* v. *People* (*supra*) had been overruled by *People* v. *Hulse* (*supra*). JEWETT, J., stated the correct rule to be that " a party will not be permitted to give evidence of his witness' good character until it has been attacked by the other side, *either* by the evidence of witnesses called for such purpose, *or* by the evidence of the witness on cross-examination *going to impeach his general character.*" The opinion recognizes that to be complained of and held for trial on a criminal charge does not affect one's moral character. Neither does arrest, indictment nor accusation. The law presumes innocence and no guilt is thus proved. (*People* v. *Crapo,* 76 N. Y. 288; *People* v. *Noelke,* 94 N. Y. 137–144; *People* v. *Irving,* 95 N. Y. 541; *Spiegel* v. *Hays,* 118 N. Y. 660; *Von Bokkelen* v. *Berdell,* 130 N. Y. 141; *People* v. *Cascone,* 185 N. Y. 317, 334.) Such accusatory evidence is inadmissible to impeach a witness and, if admitted, does not let in reputation evidence in reply. In *Young* v. *Johnson* (123 N. Y. 226), which was an action to recover damages for an alleged rape, resulting in pregnancy, it was held that evidence of specific acts of plaintiff's misconduct with men, not offered for the purpose of attacking her character for truthfulness, did not open the door to proof of her general reputation for good moral character. The case and other cases where a

woman's chastity as a part of the case rather than her veracity as a witness is involved (*Pratt* v. *Andrews*, 4 N. Y. 493; *Stafford* v. *Morning Journal Assn.*, 142 N. Y. 598; *McKane* v. *Howard*, 202 N. Y. 181) have no bearing on the question here.

The main question, therefore, remains an open one in this state. Against the admissibility of the evidence it is urged that as a practical proposition the calling of witnesses to general good reputation must be limited to cases where witnesses are first called to impeach the general character of the witness; otherwise the trial of the main issue would be obscured and delayed for the trial of collateral issues of character which would distract the attention of the jury. (*Tedens* v. *Schumers*, 112 Ill. 263, 267.) But the instances when conviction of crime is followed by reform and re-established good character are not so numerous that the convenience of the courts will not permit the former convict to show his good reputation. Here the witness was called in the year 1913 and discredited by a conviction in the year 1896. Is he to be discredited for life rather than permitted to call witnesses to his present good character? Certainly not, unless for a better reason than the application of a rule of mere expediency.

It is futher urged that " records of convictions of crime exhibit the bad character directly, and cannot be explained away by testimony as to good repute." (Wigmore, § 1106.) In other words, the proof of conviction is proof of a particular circumstance and not of general bad character, and, therefore, it does not logically open the door to rebutting proof of general good character. But HOLMES, J., in *Gertz* v. *Fitchburg R. R. Co.* (137 Mass. 77), holding that an impeaching conviction may be rebutted by evidence of good character, says: " When it is proved that a witness has been convicted of a crime, the only ground for disbelieving him which such proof affords is *the general readiness to do evil*, which the conviction may be supposed to show. It is from that *general disposition*

alone that the jury is asked to infer a readiness to lie in the particular case." He is speaking of proof by the record of conviction, but it is not apparent that any different rule should apply when the fact of conviction is proved on cross-examination.

In general the credibility of a witness is not to be impeached by proof of a particular offense, such as the *commission* of a crime, except from the mouth of the witness himself on cross-examination (*Jackson* v. *Wendell*, 2 Wend. 555, 558; *Sims* v. *Sims*, 75 N. Y. 466, 472), but *conviction* of a crime may be proved by the record for the purpose of affecting the weight of testimony. By the Code of Civil Procedure (§ 832) it may also be proved by cross-examination, but, if proved at all, it must be proved either by the record or by cross-examination. (*Newcomb* v. *Griswold*, 24 N. Y. 298; *People* v. *Cardillo*, 207 N. Y. 70.) Anciently an outlawed felon was said to have a wolf's head (*caput lupinum*) so that any one might kill him as he would a wolf. (1 P. & M. Hist. Eng. Law, 459.) Later and until recently the convicted felon was disqualified as a witness. Persons convicted of crime are now competent witnesses, and the only purpose for which conviction can be shown is to affect credibility by suggesting general bad reputation. Evidence of conviction thus impeaches the general character for truth and veracity and may be met by evidence of general good character. Mere self-incrimination on cross-examination never disqualified the witness and misconduct thus confessed cannot be said to discredit character generally in the community in the sense that proof of conviction discredits it.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur.

Judgment reversed, etc.