## Margaret Walker *vs.* The New Haven Hotel Company.

Third Judicial District, New Haven, June Term, 1920.
Prentice, C. J., Wheeler, Beach, Gager and Case, Js.

Whether a hotel company is chargeable with negligence or not in maintaining or permitting an alleged soft, flexible and easily wrinkled rug, to lie upon the tiled and somewhat slippery floor of its lobby, used as a reception and lounging room for its patrons and guests, is a question of fact for the exclusive determination of the jury under all the circumstances of the case.

The fact that a defendant is insured against pecuniary loss arising out of the conduct of his business, implies neither an expectation of loss nor knowledge of a situation likely to produce one; nor is such fact of any force or weight as evidence of negligence upon the part of the insured.

The plaintiff, who tripped and fell in walking over this rug, inquired of two witnesses whether they had ever before seen the rug displaced and wrinkled. *Held* that this question, without some limitation of its scope or statement of the cause or conditions which brought about the rug's displacement, was properly excluded; as, also, was evidence that one of these witnesses had himself slipped upon the rug on a former occasion.

In the present case the jury, upon motion of the plaintiff, viewed the hotel lobby, with conditions reproduced there as they existed at the time of the accident. *Held* that even if the cause was one which would have justified the introduction of opinion evidence from non-experts, the rejection of such evidence was rendered harmless by the jury's visit and inspection of the premises.

The plaintiff complained that the charge gave the jury no adequate definition of "proximate cause" and "contributory negligence." *Held* that there was no ground for this criticism.

Negligence of both parties may exist and operate concurrently as proximate causes of an injury, and where this is the case there can be no recovery, irrespective of the amount or degree of the plaintiff's negligence.

A charge is sufficient, if the substance of the specific requests to which a party is entitled is covered by the instructions as given.

Argued June 2d—decided July 20th, 1920.

Action for personal injuries incurred through a fall in the lobby of the defendant's hotel occasioned by the

alleged negligent maintenance and use by the defendant
of a rug upon the tiling of the lobby floor, brought to
the Superior Court in New Haven County and tried
to the jury before *Haines, J.*; verdict and judgment
for the defendant, and appeal by the plaintiff. *No error.*

The plaintiff claimed to have established these facts:
For a period of years, which covered the time of the
occurrences involved, the defendant has owned and
maintained a hotel in New Haven known as the Hotel
Taft. The street floor of its building included a large
lobby, used for the reception of and as a lounging
place for its guests and patrons, and floored with a
hard tiling having a more or less polished and slippery
surface. Two elevators on the north side of this lobby
are operated for the convenience of persons patronizing
the hotel, and approached by a direct passage from the
body of the lobby running between two large upright
columns, nine feet apart and near the elevators' en-
trance. On May 1st, 1917, the portable furniture of
the lobby included a number of large settees, so placed
as to leave convenient passageways from various points,
including a side entrance from the lobby to the Shubert
Theater, to and from the elevators referred to, and at
eight o'clock on that evening these seats were occupied,
and many guests were standing in the passageways
described. On that day and for a long time before it,
"the defendant maintained and permitted a soft, flex-
ible and easily wrinkled stringer rug to lie" on the floor
of the lobby between the columns, and lengthwise of
the passage to the elevators, "which rug was somewhat
worn and frayed on its edges, . . . and because of the
constant travel upon it, was easily displaced, and was
in fact frequently wrinkled and displaced, which con-
dition was well known to the management of said
hotel. Because of said condition there was a standing
order in said hotel to straighten out and keep said rug,

if possible, smooth and flat upon said floor, which orders were often carried out by the attendants in said hotel."

On the evening in question the plaintiff as one of several guests of people living in the hotel, had left her wraps in the apartment of her hosts on an upper floor, and proceeded at about eight o'clock to the Shubert Theater. After reaching her seat, she felt the need of her wrap, and at once left the theater to return for it to the apartment where it had been left. When she arrived in the hotel lobby on her way to the elevator, she was conscious that the floor was slippery, and walked with caution, but at no time was she conscious that the rug referred to was lying on the floor ahead of her. She saw that both elevators were open for use, and she approached looking straight ahead at them and at their attendants who stood before them. She was hurrying a little, and was obliged to pass between and around other guests standing in the passageway. As she reached the spot where the rug lay, "she slipped the toe of her right foot under it," and stepping upon the rug with her left foot, was immediately pitched forward to the floor, landing upon her face and body and receiving severe and painful injuries.

The defendant claimed to have proved that the plaintiff, from frequent visits to friends at the hotel, well knew the condition and character of the lobby floor, and had often passed over the rug referred to— which was not badly worn or frayed on its edges; that she was accustomed to hardwood floors and rugs both at home and in the homes of her friends; that she was hurrying when she left the theater to secure her wrap, and as she approached the elevator through the hotel lobby, which was brightly lighted, she was proceeding "in a half walk and half run" with her eyes fixed upon the waiting elevator and looking at nothing else; that

the rug lay flat and unwrinkled at the time, and the plaintiff's tripping upon it was due solely to her failure to observe where she was going.

Upon motion of the plaintiff the jury viewed the hotel lobby with the rug placed where it lay at the time the plaintiff was injured.

Upon the trial of the case, the plaintiff offered as a witness the manager of a local insurance agency who, in the jury's absence, was asked whether as agent of an insurance company he had "issued a policy guaranteeing a loss against damage to the New Haven Hotel Company covering their case now on trial." The question was claimed "for the purpose of showing and proving, or tending to prove, that the hotel management saw that danger which we are complaining of and anticipated it and insured against it." Upon objection it was excluded, and an exception was noted to the ruling.

The plaintiff offered two witnesses—Ex-Governor Woodruff and Mr. Walker, the injured woman's husband—who testified to an acquaintance with conditions existing in the hotel lobby prior to the night in question. Each was asked whether on any occasion before that night he had seen the rug referred to "displaced and wrinkled" or "corrugated at the edges." Mr. Woodruff was also asked: "Did you ever, yourself, slip on that rug in that hotel, prior to May 1st, 1917?" And this question was asked of the other: "Knowing the quality and class of the rug, whether or not in your opinion, it would be wrinkled up if any one stepped on it a glancing step?" Each of these questions was excluded upon objection, and exceptions were taken.

Each of the witnesses last mentioned was asked, from his acquaintance with the place in question, whether the maintenance of the rug there made a

dangerous condition for persons using the passage where it lay. In each instance the court excluded the question upon objection, and the plaintiff duly excepted.

The appeal assigns error upon these rulings in the rejection of testimony, and upon the court's charge to the jury in certain portions sufficiently referred to in the opinion. Error is also assigned upon the denial of the plaintiff's motion to set aside the verdict, and all the evidence is printed as a part of the record.

*Prentice W. Chase* and *Albert McC. Mathewson,* for the appellant (plaintiff).

*Edmund Zacher* and *William B. Ely,* for the appellee (defendant).

CASE, J. If given weight and effect quite within the jury's right to accord it as sole judges of the facts, there was evidence which warranted the verdict, and the trial court properly refused to set it aside. The question of negligence, as the case was presented to them, was one for the jury to determine without interference from the court.

The rulings upon evidence disclose no error. Proof that the defendant was protected by insurance from pecuniary losses arising out of the conduct of its business, was wholly incompetent to establish any issue before the jury. The objection to such evidence in cases of this character is a fundamental one, and reaches deeper than its possibilities for working prejudicial mischief with the jury. The mere fact of insurance neither implies an expectation of loss, nor confesses knowledge of a situation likely to produce one. Nor does it acquire force or weight as evidence of negligence on the part of the insured by the happening of some event necessarily unforeseen when the con-

tract was made, but in its nature within the general guarantee of indemnity.

The question asked each of the witnesses, Woodruff and Walker, whether he had ever before seen the rug "displaced and wrinkled," was clearly too broad for any proper purpose of the inquiry. No attempt was made to define the cause of any such displacement, or the conditions under which it came about, and without some such restriction to its scope, the question was inadmissible.

Whether or not the witness Woodruff had ever slipped upon the rug was without pertinence to the case upon which the plaintiff relied. The cause of her mishap, as disclosed by the court's statement of her claims upon the evidence, was in tripping upon the rug by catching a foot under it in her progress across the floor. That someone else at some other time may have "slipped" upon the same rug, was very clearly of no bearing upon the case presented.

Complaint is made because the court excluded the question asked of the two witnesses referred to, based upon their acquaintance with conditions at the place where the plaintiff was injured, and calling in each instance for an opinion whether the maintenance of the rug there was "a dangerous thing." It is unnecessary to determine whether the case was one which justified the introduction of nonexpert opinion evidence. If so, the court's rejection of it was harmless error, since the only basis for its admission as defined in *Sydleman* v. *Beckwith*, 43 Conn. 9, 12, was wholly removed by the subsequent visit of the jury to the scene of the trouble and the reproduction there, for their enlightenment, of the precise conditions claimed to have existed on the evening in question.

The chief criticism of the charge in the assignments of error is that it gave the jury no adequate definition

of the terms "proximate cause" and "contributory negligence." There is no foundation for this complaint. After sufficiently defining negligence and cautioning the jury that to become actionable, it must be the proximate cause of the injury complained of, the court proceeds: "The proximate cause is the direct cause; that cause without which the injury would not have been suffered by the plaintiff. There must be, as you see, therefore, a direct causal connection between the negligence of the defendant and the injury of the plaintiff. Even then the plaintiff cannot recover of the defendant if she has not proved, in the manner already explained, that is, by a fair preponderance of the evidence, that she was herself free from contributory negligence. That is, if you are not satisfied that the plaintiff was free from negligence on her own part which contributed in some degree to her own injury. If she was guilty of such contributory negligence in any degree whatsoever, then she cannot recover and your verdict must be for the defendant." Later the court again reminded the jury that they "have two questions to determine; one, as to whether this defendant was negligent, actionably negligent; that is, guilty of such negligence as contributed directly to and was a proximate cause of the plaintiff's injury; and, second, the question whether this plaintiff was guilty, by her conduct, of contributing directly to her injury, that is, of contributory negligence."

These instructions, read in connection with the fair summarized statement of the claims of the parties which the court gave the jury, were amply sufficient for their purpose. *Huber* v. *Douglas, Inc.,* 94 Conn. 167, 108 Atl. 727.

The plaintiff's objection to that portion of the charge quoted which instructs the jury that there can be no recovery "if she was guilty of such contributory

negligence in any degree whatsoever," seems based upon a mistaken idea that if the defendant's negligence was a proximate cause of the injury, her own could not be; in other words, that negligence brought home to one party, excludes in law any such thing as participating negligence by the other. It is apparently upon some such theory that the plaintiff's brief urges that "there are no degrees in the expression 'contributory negligence.' Negligence is contributory or it is not, depending upon whether or not it was the proximate cause of the injury."

The court, in that portion of the charge under consideration, properly recognized that negligence of both plaintiff and defendant may concurrently exist and operate together as proximate causes of an injury, and that under such circumstances if that of the plaintiff essentially contributes in any measure or degree, there can be no recovery. The language used was well adapted to express this meaning and was correct in law.

There was no error in refusing the plaintiff's specific requests to charge, since the substance of them, so far as the plaintiff was entitled to it, was covered by the instructions as given.

Other assignments of error are without merit and call for no independent consideration.

There is no error.

In this opinion the other judges concurred.