FRIEDA GILSTEIN *vs.* THE CITY OF HARTFORD.

First Judicial District, Hartford, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A verdict should not be set aside if the jury, upon the evidence, could reasonably have reached the conclusion to which they came.

There is no distinction between the rule or standard to be applied in determining the question of the defendant's negligence, and the contributory negligence of the plaintiff.

Whether the trial judge, upon the entire evidence, would have reached the same conclusion the jury did, is not the decisive test as to the propriety of setting aside a verdict.

Argued January 2d—decided January 29th, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in failing to keep the sidewalk on one of its streets in a reasonably safe condition for travel, brought to the Superior Court in Hartford County and tried to the jury before *Haines, J.;* verdict for the plaintiff for $1,000, which the trial court set aside as against the evidence, and from this decision the plaintiff appealed. *Error; judgment directed in conformity with verdict.*

Gilstein *v*. Hartford.

*John J. Dwyer*, for the appellant (plaintiff).

*Robert P. Butler*, for the appellee (defendant).

PER CURIAM.   The appeal from the decision of the trial court setting aside the verdict raises the question whether, upon the evidence, the jury might reasonably have reached the conclusion it did.   Our examination of the evidence has satisfied us that the jury could reasonably have found, upon the evidence, that the plaintiff had suffered personal injuries through the failure of the defendant city to maintain the sidewalk on Talcott Street in Hartford in a reasonably safe condition for public travel thereon, and that the plaintiff's negligent conduct did not materially contribute to such injuries.

The trial court correctly held that if the jury believed the plaintiff's testimony, they could find that her own negligence did not materially contribute to her injuries. The court failed to apply the same standard in determining whether the jury could reasonably have found that the defendant was negligent in failing to keep this street in a reasonably safe condition for public travel. If the jury believed the testimony of the plaintiff upon this point, and of the witnesses Festa, Cerosino, De-Pasquale and Mrs. Meronski, they might reasonably have found the defendant negligent as claimed. Whether, upon the entire evidence, the court would have reached the opposite conclusion, is not the decisive test upon an appeal from the setting aside of a verdict.

There is error, the judgment is set aside, and the Superior Court directed to render judgment in conformity with the verdict.