FRANK DE LUCIA, ADMINISTRATOR, *vs.* ALFONSE POLIO.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The negligence of a plaintiff is a bar to recovery by him only when
it materially and essentially contributes to produce his injury.
Therefore, a charge to the jury which conveys the impression
that any negligence on his part would have that effect is
erroneous; but the error is harmless where, as in the present
case, the only negligence, if any, attributable to him upon the
facts claimed to have been proven, is of such a character that
it must necessarily have directly and materially contributed to
the injury.

A witness whose credibility has been attacked by the introduction of
inconsistent testimony given by her at a coroner's hearing, is
undoubtedly entitled, upon redirect examination, to offer such
other portions of her testimony as tend to refute or modify the
inconsistencies; but her entire testimony cannot be placed
before the jury for that purpose.

Argued January 19th—decided February 28th, 1928.

ACTION to recover damages for the death of the
plaintiff's intestate, alleged to have been caused by the
negligence of the defendant, brought to the Superior
Court in New Haven County and tried to the jury be-
fore *Baldwin, J.;* verdict and judgment for the defen-
dant, and appeal by the plaintiff. *No error.*

*Franklin Coeller,* for the appellant (plaintiff).

*Thomas R. Robinson,* with whom, on the brief, was
*Daniel L. O'Neill,* for the appellee (defendant).

MALTBIE, J. The plaintiff brought his action to re-
cover damages for the death of his intestate, a boy
about nine years old, who was struck by the defen-
dant's automobile while crossing a city street, claim-
ing negligence on the part of the defendant. The jury

rendered its verdict for the defendant and the plaintiff appealed. The assignments of error have to do solely with certain portions of the charge as given and a ruling on evidence. Those passages in the charge assigned as error which deal with the measure of damages are immaterial in view of our conclusion that the judgment for the defendant must stand. Alleged errors on the part of the trial court in failing to charge in certain respects, pressed upon us by plaintiff's counsel in brief and argument, do not appear in the assignments and are not before us.

The only claimed error in the charge requiring discussion, arises out of certain passages in which the court told the jury that if the plaintiff's intestate was guilty of contributory negligence, there could be no recovery. Our often stated rule is that the negligence of a plaintiff bars a recovery only when it materially or essentially contributes to produce an injury. *Hawkins* v. *Garford Trucking Co., Inc.,* 96 Conn. 337, 339, 114 Atl. 94. The language of the trial court was in several instances unquestionably too broad, in that it was calculated to give the jury to understand that any contributory negligence would have that effect; and, while in two instances the trial court correctly stated the rule, the charge as a whole may very likely have left with the jury the predominating impression that this was so. But in the instant case, the claims of the parties as to facts proven agree that the intestate passed into the street between two automobiles parked at the curbing, that as he came out from between them he looked toward the defendant's oncoming automobile, and that he hesitated a moment and then was struck. If he was guilty of any negligence, it was in coming out into the street in disregard of passing traffic, or in not seeing the defendant's automobile, or, seeing it, in not taking reasonable steps to avoid in-

Woodward *v.* New Haven.

jury. Upon the facts claimed to be proven, we are unable to see how, if he was guilty of any negligence, it must not have directly and materially contributed to the injury. There was no harmful error in the charge in this respect.

To contradict one of plaintiff's witnesses, the defendant offered in evidence a certain question and answer given on her examination before the coroner. In rebuttal, the plaintiff sought to offer in evidence the entire examination of this witness before the coroner. If in that examination the witness had given answers tending to contradict or modify the one offered by the defendant, the plaintiff would have been entitled to give them in evidence; but he was not entitled to have her entire testimony at that hearing placed before the jury. *Sullivan* v. *Nesbit,* 97 Conn. 474, 477, 117 Atl. 502.

There is no error.

In this opinion the other judges concurred.