EDWIN J. BOOTH, Plaintiff, *v.* ZENE SMITH BOOTH, Defendant.

Supreme Court, Oneida County, December 30, 1929.

*Pratt & Fowler,* for the plaintiff.

*Southworth & Malone,* for the defendant.

SMITH (EDWARD N.), J. The action is for divorce. The issue of adultery was tried before a jury, and upon this issue the jury rendered a verdict in favor of the plaintiff. The defendant now moves for a new trial upon the grounds (1) that the plaintiff does not come into court with clean hands, and (2) that an error was committed in refusing to permit the defendant to show her general reputation for good character.

The first ground of course is addressed to the equity side of the court and has no relation to the trial of the issue of adultery; that issue was settled by the jury in favor of the plaintiff. In so far as this motion is based upon the suggestion that the plaintiff committed perjury in another proceeding in another State affecting the marital relations between the parties, it has no basis here. The adultery

of the defendant, as found by the jury, was in no wise brought about by the connivance, procurement, privity or consent of the plaintiff, nor has he in any wise condoned the offense. I find no reason on this ground to refuse the decree of divorce based upon the adultery as found by the jury.

As to the motion for a new trial on the ground of error of the court in refusing admission of evidence of general good character of the defendant, I feel, after careful consideration, that the motion must be denied. It is the rule of evidence in this State that in a civil action evidence of general reputation for chastity or good character, where such general reputation has not been assailed, may not be received, so far as I have been able to find, with but one exception. (See *Derrick* v. *Wallace*, 217 N. Y. 520.) In the instant case no assault was made by the plaintiff upon the general reputation of the defendant. Adultery is a crime, and upon a criminal charge of adultery the defendant would be permitted to prove general reputation for chastity; and it might be argued logically that where what amounts to crime constitutes the basis of a civil action the law should permit the proof of general reputation for good character, but such is not the rule of evidence in this State. While one may feel that in actions for divorce the rule should be relaxed in aid of a defendant whose only answer to affirmative testimony can be negative testimony, yet I do not see how, without disregarding a long line of decisions asserting the general rule, such an exception can be made.

*Pratt* v. *Andrews* (4 N. Y. 493) was an action for criminal conversation, and it was held that the plaintiff could not give evidence of the good character of his wife previous to the adultery charged.

In *Schaeffer* v. *Oppenheimer* (9 N. Y. St. Repr. 688), an action to recover damages for indecent assault, the plaintiff was not allowed to prove her general character for chastity although the defendant offered testimony of improper relations between the plaintiff and other men.

In *Young* v. *Johnson* (123 N. Y. 226, 234), an action for criminal assault, the plaintiff was not permitted to show good moral character.

In *McKane* v. *Howard* (202 N. Y. 181), a breach of promise action, in answer to a charge on the part of the defendant of fornication by the plaintiff with others prior to the alleged promise, the plaintiff was not allowed to show that her general reputation was good.

*Blasi* v. *Blasi* (119 Misc. 646) was an action for divorce, and, so far as I have been able to find, is the only decision in this State on the precise question involved herein; and there it was held that evidence of good reputation on the part of the defendant could not be shown.

The reason for the rule which excludes proof of general reputation

is of course that it does not meet the evidence by unimpeached witnesses of the specific act involved. It is obvious that testimony of adultery might be framed in a divorce suit under such circumstances that impeachment of witnesses would be difficult if not impossible, and yet the standing, character and reputation of the defendant in the community might be such as to make such testimony unbelievable.

If in divorce cases the question of admission or exclusion of evidence of general good reputation on the part of one charged with adultery were left to the sound discretion of the trial court this might prove a better solution of the problem. However, in view of the foregoing decisions, I feel constrained to deny the defendant's motion for a new trial.

Ordered accordingly.