EDWARD I. PILON *vs.* ELLIOTT ALDERMAN ET AL.

CHLOE L. PILON *vs.* ELLIOTT ALDERMAN ET AL.

First Judicial District, Hartford, October Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 10th—decided November 17th, 1930.

*S. Gerard Casale,* for the appellants (plaintiffs).

*Wilson C. Jainsen,* with whom, on the brief, was *George T. Campbell,* for the appellees (defendants).

HINMAN, J. The plaintiff Edward I. Pilon was riding in an automobile, driven by his wife, westerly on Hartford Avenue in Farmington. Snow was falling, covering the highway to a depth of three or four inches and clinging to the windshields of cars. After following another car for some distance the vehicle in which the plaintiffs were riding skidded to its left onto trolley rails, straightened out, then skidded again diagonally to the left, across the highway and stopped against the railing of a culvert about eight feet south of the traveled portion of the highway. The defendants' car, which had been traveling easterly on its right-hand side of the road, struck the car in which the plaintiffs

were riding near its center on the right side, and the plaintiffs were injured by the collision. The crucial point in controversy was whether, as claimed by the plaintiffs, the car in which they were seated had traveled across the road and stopped against the railing such a length of time before the impact that the defendant driver could and should have avoided the collision, or, as the defendants contended, the other car crossed so suddenly and so close in front that the collision was unavoidable by the defendant driver.

Error is assigned in that, in the portion of the charge relating to burden of proof, the court, after pointing out that collisions can and do occur without anyone being legally to blame, stated that: "So the law assumes in civil cases that the defendant is not to blame until or unless the plaintiff proves he is by a fair preponderance of the evidence." The context shows that "blame" was used in the sense of legal responsibility for consequences. Irrespective of whether the assumption mentioned be the root or reason of the rule regarding burden of proof, the reference thereto was an innovation which might well have been omitted. However, considering the instructions on the subject as a whole it is clear that the jury could not have been misled to the plaintiffs' disadvantage.

The rule that, to support a recovery, the defendant must not only have been negligent but such negligence must have been a substantial factor in producing the damage, was succinctly but accurately charged, in accordance with our holding in *Mahoney* v. *Beatman,* 110 Conn. 184, 147 Atl. 762. So also was the concomitant rule as to contributory negligence. The meaning of the term "substantial factor" is so clear as to need no expository definition, as the appellants claim should have been given. Indeed, it is doubtful if the expres-

sion is susceptible of definition more understandable than the simple and familiar words it employs.

A logical order was pursued in the charge in treating, first, the allegations and specifications of negligence in the complaint, and subsequently the application of the doctrine of supervening negligence invoked on the trial, As to the former, we find no reason to apprehend that, as the appellants claim, the jury could have been given to understand that, to recover, the plaintiffs must prove each and all of their specifications of negligence. To have complicated this portion of the charge by combining therein the intricacies of the principles relating to the last clear chance would have tended to obscure and confuse. The instructions given as to the latter doctrine, at a later stage of the charge, presented all of the several elements and their application with a completeness satisfying the legal requirements, and a simplicity and directness probably more illuminating to the jury than the usual more technically phrased formula.

The other assignments pertaining to the charge as given disclose no error or inaccuracy injurious to the legal rights of the plaintiffs. Such principles stated in the requests to charge as were applicable to the issues and the evidence were sufficiently included in the charge.

There is no error.

In this opinion the other judges concurred.