ABRAHAM SMIRNOFF *vs.* MARGARET C. McNERNEY
ET AL.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 29th—decided December 12th, 1930.

*Charles S. Hamilton* and *Edward S. Snyder,* for the appellant (plaintiff).

*Harold C. Donegan,* with whom, on the brief, was *DeLancey S. Pelgrift,* for the appellee (defendant).

MALTBIE, J. This action grew out of a collision between two automobiles at a street intersection. The appellant claimed error in certain rulings upon evidence. One of them is the exclusion of the report of the accident made by the defendant Peter McNerney to the commissioner of motor vehicles. McNerney was the driver of the car which was owned by his wife, the other defendant, and was claimed by the plaintiff to be a family car. The report would ordinarily have been admissible against him as a party to the action and against his wife by reason of the agency to make it implied in his being the operator of the car. *Ezzo* v. *Geremiah,* 107 Conn. 670, 679, 142 Atl. 461. The basis of its admission as evidence of the facts in issue would be that it was a declaration in the nature of an admission by or on behalf of a party to the action. Upon its exclusion the plaintiff should have asked to have it marked as an exhibit for identification and, that not having been done, it is not before us. *Roberti* v. *Barbieri,* 105 Conn. 539, 543, 136 Atl. 85. We cannot say, therefore, that the statements in it constituted a material admission against the interest of the defendants and hence that its exclusion was prejudicial to the plaintiff.

The other rulings on evidence complained of are not stated in accordance with our practice, which requires that each ruling as to which error is claimed should be stated in a separate paragraph with a sufficient showing of the relevant circumstances so that the question presented may be fairly understood.

Practice Book, p. 307, § 6; *McIsaac* v. *Hale,* 105 Conn. 249, 251, 135 Atl. 36. However, assuming the situation to be as the plaintiff claims, the trial court committed no error. The plaintiff introduced evidence of the conviction of Peter McNerney some years before of the crime of forgery in order to attack his credibility as a witness. In rebuttal the defendant offered, and the court admitted, evidence of his reputation in the community for truth and veracity. Such evidence is not restricted, as the plaintiff claims, solely to the purpose of rebutting evidence of the same kind admitted to attack the credibility of a witness, but is admissible to support that credibility when it is attacked as here by proof of a prior conviction of crime. The authorities are not in accord on this matter, but both in number and weight they support the rule we have stated. Indeed, much of the contrary reasoning loses its force where the conviction proved has occurred a very considerable time before the trial, because the witness may well have attained and maintained an irreproachable character since its commission, and the party calling him should have the benefit of that fact. It is significant that Wigmore, in his second edition, has added to his former text a statement that the rule we adopt is preferable to the other. 2 Wigmore on Evidence (2d Ed.) § 1106. See cases there cited and particularly *Derrick* v. *Wallace,* 217 N. Y. 520, 112 N. E. 440; *Gertz* v. *Fitchburg R. Co.,* 137 Mass. 77, 78 (opinion by Holmes, J.). We do not understand our own cases of *Rogers* v. *Moore,* 10 Conn. 13, and *State* v. *Ward,* 49 Conn. 429, 442, to hold to the contrary. Neither presented situations where the general character of a witness for veracity has been attacked.

The plaintiff complains of the failure of the trial court to give a number of its requests to charge. For

the most part these requests violated our rule that each such request shall contain a single proposition of law clearly and concisely stated; Practice Book, p. 275, insert; and so far as they were correct the subject-matter of all of them was sufficiently covered by the charge as given.

The appellant complains of two portions of the charge. His contention as to one involves the same principles of law considered above in our discussion of the rulings admitting evidence of the defendant's reputation for veracity and is disposed of by what we there say. In the other the trial court charged the jury that in order to recover the plaintiff must not only prove negligence of the driver of the defendant's car which was a proximate cause of the accident but also that neither he nor his own driver was negligent in any way which "substantially or materially contributed to produce" the injuries suffered. It is to the quoted words that the plaintiff addresses his assignment of error. The negligence of a plaintiff which will defeat a recovery is of the same kind and character as the negligence of a defendant which will support a recovery and the test of causal connection which must exist between the negligence and the injuries is the same. *Brockett* v. *Fair Haven & W. R. Co.,* 73 Conn. 428, 434, 47 Atl. 763; *Monroe* v. *Hartford Street Ry. Co.,* 76 Conn. 201, 207, 56 Atl. 948; *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 116, 84 Atl. 301, 524; *Radwick* v. *Goldstein,* 90 Conn. 701, 709, 98 Atl. 583; *Worden* v. *Anthony,* 101 Conn. 579, 583, 126 Atl. 919. Equally so must be the extent to which, to be effective in law, that negligence must be a factor in producing the injury. In limiting the negligent acts or omissions of a plaintiff which the law will regard in determining his right to recover we have in our opinions used various expressions; thus, we have said that such negli-

gence must "essentially" contribute to bring about the injury; *Clarke* v. *Connecticut Co.,* 83 Conn. 219, 223, 76 Atl. 523; *Nehring* v. *Connecticut Co., supra,* 115; must "materially" contribute to that result; *Longstean* v. *McCaffrey's Sons,* 95 Conn. 486, 495, 111 Atl. 788; *Gilstein* v. *Hartford,* 100 Conn. 279, 280, 123 Atl. 435; must "materially or essentially" contribute; *Coogan* v. *Aeolian Co.,* 87 Conn. 149, 156, 87 Atl. 563; *Andrews* v. *Dougherty,* 96 Conn. 40, 46, 112 Atl. 700; *Hawkins* v. *Garford Trucking Co., Inc.,* 96 Conn. 337, 339, 114 Atl. 94; *De Lucia* v. *Polio,* 107 Conn. 437, 438, 140 Atl. 733; must "essentially and materially" contribute; *Schuster* v. *Johnson,* 108 Conn. 704, 706, 145 Atl. 29; must "materially, essentially and directly" contribute; *Stickney* v. *Epstein,* 100 Conn. 170, 175, 123 Atl. 1; *Morro* v. *Brockett,* 109 Conn. 87, 90, 145 Atl. 659; must "directly and materially" contribute; *De Lucia* v. *Polio, supra,* 439; must "essentially contribute in any measure or degree." *Walker* v. *New Haven Hotel Co.,* 95 Conn. 231, 238, 111 Atl. 59.

A casual reading of these various expressions might suggest that they were intended to convey different conceptions of the principle sought to be stated. This of course is not so. Whichever is used it is intended to express the same underlying thought, and all connote the same relation between the negligence of a plaintiff and the injuries suffered which will defeat a recovery. It is not every negligent act or omission of a plaintiff which, though it be causally connected with the injuries, will defeat a recovery. *Andrews* v. *Dougherty, supra,* 46; *Stickney* v. *Epstein, supra,* 175; *De Lucia* v. *Polio, supra,* 438. The word "contribute" carries in itself the significance of a causal connection between the negligence and the injury. Whatever the phrases we have used to qualify it, the purpose has been to distinguish those negligent acts

or omissions which play so minor a part in producing the injuries that the law does not recognize them as legal causes. *Norton* v. *Barton's Bias Narrow Fabric Co.,* 106 Conn. 360, 364, 138 Atl. 139; *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 147 Atl. 762. In *Coogan* v. *Aeolian Co., supra,* 156, we pointed out that the phrases, "substantially and proximately" contributing and "essentially or materially" contributing are two forms expressive of one thought, and this is equally true of the other expressions we have used. Recently in regard to the negligence of a defendant which will justify a recovery we held that the phrase which will most clearly, simply and comprehensively state and define the necessary causal relation is that the negligence must have been a substantial factor in producing the injuries suffered. *Mahoney* v. *Beatman, supra.* Equally is it true that the relation of the negligence of a plaintiff to the injuries suffered which will defeat a recovery is most clearly, simply and comprehensively expressed by saying that this result will follow if that negligence substantially contributes to produce those injuries. Because, as we have pointed out, the charge of the trial court that the plaintiff must prove that he and the driver of his car were not negligent in any way which substantially or materially contributed to produce the former's injury is tantamount to this, and could not have misled the jury, we cannot find error in the portion of the charge of which complaint is made.

There is no error.

In this opinion the other judges concurred.