JOHN T. LUPATIN *vs.* ELMER SHINE ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued December 6th, 1933—decided January 2d, 1934.

*Charles S. Hamilton* and *Edward S. Snyder,* for the appellant (plaintiff).

*Maxwell H. Goldstein* and *William H. Tribou,* with whom, on the brief, were *T. Holmes Bracken* and *Edward I. Taylor,* for the appellees (defendants).

PER CURIAM. The plaintiff brought this action to recover damages suffered when the automobile which he was operating came into collision with a coal truck owned by the defendant Shine, which was backing or had backed into the street from a private driveway on premises where coal had been delivered. It was the claim of the plaintiff that the defendant Fred Shine, who was operating the truck, was at the time in the employment of the defendant The Domestic Coal Company. From a verdict for the defendants the plaintiff has appealed, assigning as error the failure to give certain requests to charge, certain portions of the charge as given and certain rulings on evidence. The requests to charge were substantially and adequately included in the charge as given, so far as they were relevant to the issues in the case and correct

statements of law. Section 1639 of the General Statutes provides that no operator of a motor vehicle entering upon a public highway from a private way shall have the right of way. The plaintiff did not allege that the defendant driver was negligent in failing to yield the right of way to him, and the trial court went as far as was necessary in instructing the jury that the defendant truck driver did not have the right of way, without charging them that failure to yield the right of way might render the defendants liable to the plaintiff. The trial court was correct in instructing the jury that if negligence of the plaintiff materially contributed to produce the accident the plaintiff could not recover; negligence could not materially contribute to the accident without being a substantial factor in its production. *Smirnoff* v. *McNerney*, 112 Conn. 421, 424, 152 Atl. 399. The portion of the charge as to proximate cause of which complaint is made is taken almost literally from our opinion in *Mahoney* v. *Beatman*, 110 Conn. 184, 195, 147 Atl. 762. The comments of the court upon the evidence relevant to the question whether the driver of the truck was an employee of the Coal Company did not go beyond permissible limits. *Heslin* v. *Malone*, 116 Conn. 471, 477, 165 Atl. 594. Other objections to the charge require no comment.

Two of the rulings on evidence of which complaint is made would be material only upon the question whether the operator of the truck was at the time an employee of the Coal Company rather than, with the other defendant Shine, an independent contractor; the verdict in favor of all the defendants necessarily implies that the jury found no actionable negligence on the part of the operator of the truck or found contributory negligence on the part of the plaintiff sufficient to bar a recovery by him; and as the Coal

Company would only be liable if a cause of action were established against the operator, any erroneous rulings as to evidence relevant to the issue of the driver's employment by the company are not of consequence. The same is true of the other ruling upon evidence, as the question admitted would be relevant only to the issue of damages and the verdict upon the issue of liability was in favor of the defendants.

There is no error.