WILLIAM CONNELLAN *vs.* JAMES R. COFFEY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued October 6th—decided November 6th, 1936.

*Charles Albom,* with whom, on the brief, were *Arthur Klein* and *Robert J. Woodruff,* for the appellant (plaintiff).

*Cyril Coleman,* with whom, on the brief, were *Lawrence A. Howard* and *David E. FitzGerald,* for the appellee (defendant).

HINMAN, J. On June 22d, 1933, the plaintiff, then thirteen years of age, sustained a compound fracture of the left arm by a fall from a tree. The defendant, a physician and surgeon, was called to attend him and treated him at home until June 29th, when he was removed to a hospital. Meanwhile gas gangrene infection had developed to such an extent that amputation of the arm was necessary. The plaintiff, in this action, alleged and offered evidence to prove that the occurrence of the infection, its development, and the consequences thereof were due to negligent treatment by the defendant in several specified respects. The defendant offered evidence detailing his care and treatment of the plaintiff and claimed to have proved that therein he exercised the required degree of care, skill and diligence.

The portion of the charge which is the subject of the assignments of error instructed the jury that, "In order to recover, the plaintiff must show not only that the physician or surgeon was negligent or unskillful, but also that the injury resulted directly from such negligence or unskillfulness. No recovery can be had if there was any intervening cause in the absence of which it is reasonably probable that the plaintiff would not have suffered injury." Also that "the wrongful act or negligence . . . must have been a substantial contributing factor in producing the injuries complained of. Even if [the defendant] was negligent in some respect, but that negligence didn't result in these injuries . . . your verdict must be for the defendant." Obviously the trial court employed the term "injuries" in the sense of all the harmful results within the scope

of the complaint in producing which negligence of the defendant was a substantial factor, and the jury must have so understood.

The plaintiff's main contention is that the nature of the proof of causation in malpractice cases is peculiar and exceptional and that recovery should be allowed if the negligence or unskillfulness of the defendant "deprived the plaintiff of the chances of a better recovery presumed to flow from proper treatment," and that the jury should have been so instructed. In *Mahoney* v. *Beatman,* 110 Conn. 184, 147 Atl. 762, 66 A. L. R. 1121, after a thorough review of various conceptions and statements of the rules determinative of proximate cause, we held that the causal relation between negligence of a defendant and the injuries of a plaintiff which is necessary to justify a recovery is most clearly, simply and comprehensively stated and defined by the phrase that "the negligence must have been a substantial factor in producing the injuries suffered." *Smirnoff* v. *McNerney,* 112 Conn. 421, 426, 152 Atl. 399. See also Amer. Law Institute Restatement, Torts (Negligence), § 431 (a). Charges so stating the rule have been consistently sustained. *Smirnoff* v. *McNerney,* supra; *Pilon* v. *Alderman,* 112 Conn. 300, 152 Atl. 157; *Lupatin* v. *Shine,* 117 Conn. 698, 169 Atl. 916; *Breed* v. *Philgas Co.,* 118 Conn. 128, 135, 171 Atl. 14.

In *Green* v. *Stone,* 119 Conn. 300, 306, 176 Atl. 123, a malpractice case in which the testimony went no farther than to indicate that earlier treatment of the plaintiff by the defendant "might have been beneficial," we held the trial court to have been justified in setting aside a plaintiff's verdict because, on that state of evidence, "the jury were left purely to speculation as to whether the conduct of the defendant was a cause of the plaintiff's subsequent condition." Our statement in that connection, that in order to support a verdict it

was incumbent upon the plaintiff to produce testimony to the effect that earlier treatment "with reasonable probability would have aided the patient," is not to be construed as meaning, as the present plaintiff claims, that such duty would be complied with if the evidence indicated that "the chance for a better recovery" would have been improved by a different method of treatment. This, equally, would relegate to the realm of speculation the question whether or not fault of the defendant was a cause of the conditions for which damage is sought. The true meaning of the phrase so seized upon is indicated by the prior statement (p. 305) that the evidential defect which deprived Mrs. Green of a right to a verdict was that testimony was lacking that more prompt treatment "would have affected the result." That is, in essence, the equivalent of a lack of testimony from which the jury might justifiably find that negligence of the defendant was a substantial factor in causing the injuries, and involves no departure from the rule given the jury in the present case—"that the wrongful act or negligence of the surgeon must have been a substantial contributing factor in producing the injuries complained of."

Except as to speculative considerations involving mere possibilities in the course of the train of circumstances leading up to the final result, the effect of negligent treatment by a physician, if there was any, upon the chance of the patient for a better recovery is necessarily included in the inquiry which was directed by the charge so given. Necessarily, if the jury found that the result was not as favorable as it would have been but for unskillful or negligent treatment by the defendant, they would have to find, under that instruction, that it was a "substantial contributing factor" in producing that result. The tort would be a factor continuing to be substantial and efficient up to

the happening of the damage. *Mahoney* v. *Beatman,* supra, p. 197. The injuries alleged by the plaintiff in the complaint included, as well as the amputation of the arm, the development and progress of infection, all of which are alleged to have resulted from negligent treatment by the defendant. Under the charge as given, the jury were in effect instructed that if they found that negligence of the defendant was a substantial factor in producing any of these injuries the plaintiff was entitled to recover therefor, otherwise not. They reasonably could have only so understood and such an instruction conforms to the general rule evolved and promulgated in *Mahoney* v. *Beatman,* supra. Such difficulties in the proof of causation as are incident to this class of cases do not warrant so opening the door to speculation as would the special modification of this rule for which the plaintiff contends, or to the difficulties and uncertainties as to the rule of proximate cause and its statement which it was the purpose and accomplishment of *Mahoney* v. *Beatman* to set at rest. "The meaning of the term 'substantial factor' is so clear as to need no expository definition. . . . Indeed, it is doubtful if the expression is susceptible of definition more understandable than the simple and familiar words it employs." *Pilon* v. *Alderman,* supra, p. 301.

The trial court, in the present instance, by including in the expression the word "contributing" sufficiently signified and emphasised that negligence, to impose liability for the consequences complained of, need only have constituted a cause which contributed thereto substantially, as distinguished from such causes as "traced clear to the end . . . become of trivial consequence, mere incidents of the operating cause," which while in a sense factors "are so insignificant that the

law cannot fasten responsibility upon one who may have set them in motion. They are not substantial factors as operative causes." Mahoney v. Beatman, supra, p. 195. As applied to alleged negligence of a defendant, as well as that of a plaintiff, "contribute" or "contributing" signifies a causal connection between injuries and negligence which transcends and is distinguished from "those negligent acts or omissions which play so minor a part in producing the injuries that the law does not recognize them as legal causes." Smirnoff v. McNerney, 112 Conn. 421, 425, 152 Atl. 399. If the chain of causation of the damage, when traced from the beginning to the end, includes an act or omission which, even if wrongful or negligent, is or becomes of no consequence in the results or so trivial as to be a mere incident of the operating cause, it is not such a factor as will impose liability for those results. Mahoney v. Beatman, supra, p. 195. The trial court's statement of the rule was as broad and liberal as the case called for or warranted.

Moreover, it is quite apparent that if the jury had found, as facts, that the defendant was guilty of the acts of omission and commission in methods of treatment alleged by the plaintiff, instead of that his conduct and treatment was in substantial accordance with the evidence produced by the defendant, the negligence established by such a finding could not have been regarded other than a substantial factor in producing the injuries complained of. Amer. Law Institute Restatement, Torts (Negligence), § 431, Comment b. It follows that the verdict must have resulted from a finding that the facts as to the defendant's treatment were substantially as contended by him. If so, a charge such as the plaintiff argues for—that treatment different from that alleged by him might have improved his

chances for a better recovery—would not have availed to impose legal liability upon the defendant.

There is no error.

In this opinion the other judges concurred.