JOSEPH DELLAROCCO *v.* JAMES SCIALABBA

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 71888

Memorandum filed December 9, 1953.

*Morris Gamm* and *Alexander Winnick,* both of New Haven, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendant.

BORDON, J. The court has studied many of the Supreme Court decisions in malpractice cases and is, therefore, familiar with the usual obstacles in a plaintiff's path. The charge to the jury included all

of the prerequisites to a recovery. With the evidence and the law before the jury, a plaintiff's verdict resulted. It is now claimed that the court should have directed a verdict or should set aside the verdict on the ground that there was no evidence that any claimed negligence of the defendant was the proximate cause of the plaintiff's injuries.

The court is of the opinion that the instant case differs substantially from *Green* v. *Stone,* 119 Conn. 300, and *Connellan* v. *Coffey,* 122 Conn. 136. In the instant case there was evidence that the extraction of the plaintiff's tooth was the proximate cause of his injury. It is undisputed that the plaintiff's mouth was full of bacteria and that it was a particularly "dirty mouth," and that the plaintiff's physical condition made him an easy and ready victim to infection. This the defendant knew when he extracted the plaintiff's tooth. There is also evidence that in such case good practice called for a cleansing of the mouth before extraction. This the defendant did not do. The day after the extraction the plaintiff complained to the defendant that he was suffering severe pain and that his face was swollen. The defendant, after examining the plaintiff, took no steps to alleviate the pain or reduce the swelling. He merely told the plaintiff to go home and apply saline solutions. There was evidence before the jury that good practice called for a removal of the packing in the socket and irrigating the opening with some antiseptic solution. This the defendant did not do. There was evidence before the jury, which it could have believed, as did the court, that two days after the extraction the plaintiff's wife called the defendant and informed him that the plaintiff had not slept, was suffering excruciating pain, and that his jaw was locked. Certainly this information to the defendant called for quick action, particularly that concerning the locked jaw, which should have put

the defendant on notice that the infection was progressing to an alarming state. The defendant still took no steps to help the plaintiff. He merely advised the plaintiff's wife that he did not have office hours on Wednesday and to continue using saline solutions. When the plaintiff came to the defendant's office on Thursday morning he immediately realized the plaintiff's serious condition. By that time the plaintiff was suffering from an acute cellulitis. Instead of doing something for the plaintiff immediately, he merely gave him a referral slip to a dental oral surgeon and continued unconcerned with his patients. When the plaintiff came to the oral surgeon it was obvious that surgery was necessary and a surgeon was called in. During the day the cellulitis was aggravating to a Ludwig's angina, a dread disease resulting from infection, and usually resulting in death. It is an inflammatory affection of the throat tending to produce suffocative attacks which prevent breathing. Fortunately the surgery was sufficiently timely to save the plaintiff's life.

In the opinion of the court, no professional man could have been less concerned with the welfare of his patient than was the defendant. Nor could any dentist have been more brutally indifferent to a patient's suffering than was the defendant. Nor could any dentist have conducted himself more negligently and unskillfully than did the defendant. And if such a practitioner can free himself from liability behind a barrier of proximate cause because of the protection afforded him by fellow practitioners, the patient is left helpless and without redress for a wrong done him.

In this case the cellulitis and Ludwig's angina were caused by the extraction of the plaintiff's tooth without first cleansing his mouth, by the failure to remove the packing on the following day and irrigating the socket, by the failure to see the plaintiff

on Wednesday to ascertain why his jaw was locked, and to do something about it, and by permitting the plaintiff to go unattended on Thursday morning without taking summary action to alleviate the infection. In the opinion of the court there was ample evidence that the claimed negligence of the defendant was the proximate cause of the plaintiff's injuries.

In view of the fact that the verdict was a general one, the legal presumption is that the jury found all the issues for the plaintiff. *Bradley* v. *Niemann,* 137 Conn. 81. Our Supreme Court has repeatedly advised the exercise of caution by the court to avoid infringing upon the jury's prerogative of determining issues of fact. *Hagstrom* v. *Sargent,* 137 Conn. 556, 559.

The motion for judgment notwithstanding the verdict is denied.