[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff administrator of the estate of the decedent, Francesco Guerrera originally brought an action against Edward R. Mercer driver of the car that killed the plaintiff's decedent. In that lawsuit, the plaintiff disclosed two expert witnesses, Steven C. Batterman and Edmund R. Sullivan, who are the subject of a dispute here. Both Batterman and Sullivan were disclosed as experts in the field of accident reconstruction. Presumably, they were provided with certain information to which they have been able to apply their expertise in order to render certain opinions about matters such as speed or positions of vehicles from which a trier or fact can draw conclusions concerning culpability and percentage of negligence of the various parties. However, the lawsuit against Mercer settled before trial.
The plaintiff then brought this claim against Aetna, the decedent's insurer, for underinsured motorist benefits. The defendant Aetna has named Batterman and Sullivan as experts that it intends to call to testify concerning the dynamics of the accident and its causation. The plaintiff has moved to preclude the use by the defendant of these experts on the grounds that the two experts have not agreed to testify for the defendant, that they are essentially the plaintiff's experts and cannot be used by the defendant.
The defendant's argument is that the experts have previously made their opinions known as to the cause of the accident in the Mercer lawsuit, and that those opinions point to Mercer as the responsible party, not another driver whose negligence would result in a successful underinsured motorist claim. Not to permit the defendant to subpoena and present these experts, it is argued, CT Page 5495 would allow a party to "expert shop" and the interests of justice would be subverted by such a practice. of further note, though not pointed to by either side, is the fact that on April 5, 1993, the court granted a motion of the defendant that Edward Mercer be made a party defendant in this lawsuit his exposure limited to a determination by the trier of fact as to the apportionment of negligence among the parties.
This appears to be a case of first impression, although two other cases involving a party's use of the opponent's retained experts assist the court in its analysis here. The earlier case is Farrell v. St. Vincent's Hospital, 203 Conn. 554 (1987). In that matter, a defendant in a medical malpractice action had, some years earlier, retained a Dr. Shutkin to examine some medical records and to assist in the preparation of the defense. The plaintiff then retained Dr. Shutkin shortly before trial to testify on the plaintiff's behalf. The trial court allowed the doctor to testify at trial but only as to the other defendants. The Supreme Court declined to review the plaintiff's claim of error on the limitation of the doctor's testimony because the claim was inadequately preserved.
The Appellate Court spoke to the issue of a party calling the opponent's expert in the recent case of Barksdale v. Harris,30 Conn. App. 754 (1993). There the defendant retained a physician to perform a medical examination of the plaintiff, but at trial declined to call the physician as a witness. The plaintiff knew through disclosure by the defendant that the opinion of the defendant's expert largely supported the plaintiff's claims, so the plaintiff called the doctor. The trial court did not permit the plaintiff to present the doctor and also refused to give an adverse inference instruction, see Secondino v. New Haven Gas Co.,147 Conn. 672, 675 (1960), regarding the defendant's failure to call the doctor as a witness. The Appellate Court dismissed the notion that the "work product" doctrine precludes the plaintiff from presenting the testimony of a defense expert who has formulated findings as a result of an examination of the injured party. The doctor possessed first-hand knowledge about the nature and extent of plaintiff's injuries, and that knowledge was available for use by either the plaintiff or the defendant. Barksdale v. Harris supra at 762.
Although the instant case does not directly reflect the posture of the use of opponent's experts in either of the earlier cases, it is clear that courts in Connecticut do not subscribe to CT Page 5496 the view that the retention by one side of an expert automatically precludes the expert's use by the other side. Here the factors that weigh in favor of the use by the defendant of Sullivan and Batterman are: a) they have been previously disclosed as experts in a related case and have been deposed or have had their reports disclosed in discovery; b) they have investigated facts and have formulated certain opinions relevant to the ultimate issue in the present case; c) the defendant in the related case is now subject to citation as a defendant in this case by order of the court.
The plaintiff's Motion to Preclude Re Experts (#128) is denied, and the defendant's Objection to the motion (#130) is sustained.
PATTY JENKINS PITTMAN, J.