[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO QUASH SUBPOENA AND OBJECTION THERETO
The motion before the court is a Motion to Quash a subpoena issued to one Juliett Crawford, an assistant state's attorney. The subpoena was issued in conjunction with a Notice of Deposition. The State's Attorney for the New Haven Judicial District has moved to quash the subpoena.
This arises out of a civil suit brought by the plaintiffs Dr. Kenneth S. Chasen, et al., against the defendants Blue Cross and Blue Shield of Connecticut, et al. Dr. Chasen was arrested and charged with larceny in the first degree upon the complaint of Blue Cross and Blue Shield. The charges were nolled by the State and subsequently dismissed by the court. Following the dismissal, the present action was initiated in various counts by the plaintiffs, herein alleging, among other things, false arrest and abuse of process. It should be noted that the State of Connecticut is not a party to this action.
The defendant has listed Attorney Crawford as an expert witness. As a result thereof, the plaintiffs have noticed her deposition and issued the subpoena which is the subject of this motion. It is this subpoena which the state's attorney has moved to quash.
The subpoena commanded Attorney Crawford to bring to the deposition:
 "1. Any and all material in your files relative to State of Conn. v. Kenneth S. Chasen, CR88-114984.
 2. Any and all memoranda or documentation evidencing agreements between the State's Attorney's Office at G.A. 7 and the payment integrity unit of Blue Cross and Blue Shield of Connecticut, Inc., North Haven relative to the prosecution of health care providers."
CT Page 11161
As the reasons for its Motion to Quash, the State lists the following: (1) the contents of the State's file is confidential pursuant to 1-19c of the Connecticut General Statutes, (2) the notes and memoranda prepared by the prosecutor are "work product and not subject to discovery."
First let us address ourselves to the issue of whether the contents of the State's file is confidential pursuant to 1-19c of the Connecticut General Statutes, which reads as follows:
 "For the purposes of subsection (a) of section 1-18a the division of criminal justice shall not be deemed to be a public agency except in respect to its administrative functions."
Section 1-18a(a) merely defines a "Public Agency" or "agency" which in its pertinent part defines the same as follows:
 "`Public agency' or `agency' means any executive, administrative or legislative office of the State or any political subdivision of the State. . . ."
It would appear therefore that any prohibition against disclosure would not apply to information relating to the administrative functioning of the State's Attorney's Office.
Examining the subpoena, paragraph 1 asks for "any and all material in your file relative to State of Conn. v. Kenneth S. Chasen, CR88-114984". Stephenson on Civil Procedure states that ". . . disclosure cannot be used merely to go on a "fishing expedition". Stephenson Civil Procedure, Second Edition, Section 138, Page 576. The request encompasses the entire file and therefore must be deemed a "fishing expedition".
Paragraph 2 of the subpoena is somewhat more restrictive. This paragraph asks for any and all memoranda or documentation evidencing agreements between the State's Attorney's Office at G.A. 7 and the payment integrity unit of Blue Cross and Blue Shield . . . relative to the prosecution of health care providers." This paragraph is asking for specific information which information would appear to be within the exception set forth in section 1-19c
of the Connecticut General Statutes, i.e., ". . . except in respect to its administrative functions." If the State's Attorney's Office and Blue Cross, Blue Shield have entered into some agreement CT Page 11162 relating to the prosecution of health care providers, it would apply not only to the plaintiff but to all health care providers and this information must be deemed to be administrative in nature.
The State's Attorney alleges that this information is "work product" and therefore not discoverable. The work product doctrine protects an attorney's "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and countless other tangible and intangible [items]." Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1945). "To be protected under this doctrine, the work of the attorney must be such that it forms an essential step in the procurement of data and must involve duties normally performed by attorneys." Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86, 95,230 A.2d 9 (1967); Barksdale v. Harris, 30 Conn. App. 754, 761.
Obviously, the information requested in Paragraph 2 of the subpoena does not fall within this protection.
The Motion to Quash the subpoena is granted as to Paragraph 1 and denied as to Paragraph 2.
The Court By Curran, J.