[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on a motion to quash filed by the defendants, Ford Motor Company and Fenton Ford, Inc. The motion is addressed to a subpoena duces tecum issued by counsel for the plaintiff, Thomas LaLonde, who has sued the defendants claiming injury as a result of a claimed defect in a 1991 Ford Aerostar in which he was driving when a wheel allegedly came off the vehicle.
The subpoena at issue is addressed to Patricia Barkyoumb, claims representative of CIGNA Insurance Company. The subpoena commands her to produce the following:
 a. Any and all investigative reports or investigative notes relative to the 1991 Ford Aerostar which is the subject of the above referenced claim.
 b. Any and all correspondence between CIGNA and any investigator, including any investigator employed by CIGNA or an independent investigator hired to inspect the 1991 Ford Aerostar relative to this claim. CT Page 12738
The plaintiff additionally sought production of information as to the whereabouts of another CIGNA employee, Gina Santos, however those portions of the subpoena are no longer at issue because of the defendants' agreement to make Ms. Santos available for deposition.
The defendants have moved to quash on three grounds:
 1. That the information sought was produced in anticipation of litigation;
 2. that it is protected from production because it is attorney work product and no special showing has been made that it cannot be otherwise obtained; and
 3. That its production is unduly burdensome and the request is overly broad.
The following facts are pertinent to adjudication of this dispute. The plaintiff claims that on April 9, 1991 the front wheel detached from a vehicle he was driving and that this vehicle was purchased by his employer from Fenton Ford, Inc. d/b/a Enfield Ford ("Fenton Ford"). The plaintiff reported the incident to Fenton Ford, which alerted its insurer, CIGNA, of the potential claim. The plaintiff served his complaint upon Ford Motor Company on October 25, 1991 and on Fenton Ford on October 28, 1991.
On November 5, 1991, Gina Santos, a claims representative for CIGNA, sent a letter to plaintiff's counsel advising him that the insurer's investigator had reported that the incident and injuries "were a direct result of a manufacturing defect in the vehicle" and that any liability rested with the manufacturer, Ford Motor Company, and not with Fenton Ford.
At oral argument, plaintiff's counsel asserted that the vehicle, which was not owned by the plaintiff but by his employer at the time, was sold and that it is not in the same condition as it was at the time CIGNA performed its investigation on behalf of its insured.
Assuming arguendo that some of the materials sought constitute protected work product, Practice Book § 219 provides that a party may obtain discovery of materials otherwise discoverable pursuant to Practice Book § 218 and prepared in anticipation of litigation by or for another party "upon a showing that the party seeking CT Page 12739 discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Section 219 excepts from such a "hardship" entitlement disclosure of "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation".
Whether or not the initial CIGNA investigation of the vehicle in question is considered to have been performed in anticipation of litigation, the plaintiff has established that he is unable to obtain the substantial equivalent of that inspection. Since the vehicle did not belong to him but to his employer, this is not a case in which he can be said to have foregone his own investigation in order to take advantage of the defendants'. Under the circumstances, the plaintiff has no prospect of securing an examination of the vehicle and its defects, if any, in the condition in which they existed at the time in question, and he has therefore made the showing requisite to discovery of CIGNA's investigative reports, from which any impressions of counsel should be redacted before production.
The defendants offer too broad a reading of the exception for impressions of counsel or representatives. Section 219 exempts from what may be called "hardship disclosure" only the direct impressions of counsel or "other representatives of a party concerning the litigation." The defendants take the position that an insurance claims representative is somehow the equivalent of an attorney for purposes of the rule or that the investigation of the claims before any litigation commenced is an impression or conclusion "concerning the litigation." This is not the case, and the words of § 219 do not support such an interpretation. While the defendants need not, pursuant to § 219, disclose statements of CIGNA employees concerning "the litigation", that is, concerning this suit, they must disclose impressions and conclusions concerning the examination and analysis of the vehicle and any defects other than the attorneys' or representatives' own impressions as to the merits of the claim.
Pursuant to § 220(B), a party may also discover facts known or opinions held by an opponent's expert who is not being called as a witness upon a showing of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means". This rule, under the circumstances shown, allows the plaintiff to discover the opinion CT Page 12740 and impressions of agents of the defendant who examined the vehicle, but it does not require disclosure of any impressions or opinions of defendants' counsel. See Barksdale v. Harris, 30 Conn. App. 754,760-762 (1993).
The defendants are completely mistaken in their suggestion that all materials supplied by CIGNA to counsel thereby become attorney work product, and because of the danger that the defendants will mistakenly apply such a notion to their compliance with the subpoena, the court finds it necessary to rule that no such limitation applies to the principles set forth above as to §§ 219 and 229. See Stanley Works v. New Britain RedevelopmentAgency, 155 Conn. 86, 92-95 (1967).
For the reasons set forth above, the motion to quash is denied as to any materials other than counsel's own impressions and conclusions and any opinions of the defendants and their representatives concerning the lawsuit itself, rather than concerning the examination of the vehicle and investigation of the purported defects.