[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO USE EXPERTWITNESS
In this case, a motion to preclude the deposition of an expert and use of that expert at trial has been filed by the defendant. The underlying facts of this case arise out of a fire that occurred at premises owned by the defendant. The plaintiff's decedent was a tenant of the defendant and a claim is made that the fire resulted from the defendant's negligence.
Immediately after the fire, the defendant's insurance company retained an expert to examine the fire scene. This expert prepared a report for the insurance company which turned it over to the Milford Fire Department. The department requested the reports pursuant to § 38a-318 (a) of the general statutes. The department wanted to ascertain whether arson was involved and the statutory subsection provides as an "authorized agency" it "may in writing request any insurance company to release information." Subsection (b) of the statute suggests that a company has an obligation to turn over information only where it "has reason to suspect that a fire loss to its insured's real or personal property was caused by incendiary means . . ."
In any event, after the report was given to the fire department, without the insurance company's knowledge or consent, the department delivered the report to the plaintiff's counsel. Counsel for the plaintiff wants to depose the expert and the defendant has filed motions to preclude such a deposition and the further use of the expert's testimony at trial and makes his argument on several grounds.
(1)
The defendant argues that if his motions are not granted this will have a "chilling" effect on the willingness of insurance companies to cooperate with governmental agencies investigating the causes of fires.[1] Furthermore subsection (d) of §38a-318 says that "any authorized agency receiving any information furnished pursuant to this section shall hold the CT Page 7041 information in confidence until such time as its release is required pursuant to a criminal or civil proceeding." The defendant argues that the "civil proceeding" referred to is one involving a coverage dispute between the insured and the insurer.
(a)
The "chilling" effect argument must be examined more closely. Insurance companies obviously have strong motives to have immediate examinations of fire scenes conducted by their own experts. They need to determine coverage responsibilities vis-a-vis their insured under the policy and the possible liability of third parties in causing any fire. At the very least under § 38a-318 the company has a duty to turn over reports where they "suspect" the fire is of incendiary origin — in these cases the company "shall furnish" the authorized agency with "all relevant material". It is difficult to believe insurance companies will violate their statutory duties and risk their right to do business in our state on the hypothetical fear that some tenant of their insured will make a claim for loss or damages due to the fire and eventually get access to a report prepared by the insurance company expert. The companies have an easy remedy, they can raise their premiums depending on the extent of the risk presented by insureds who rent a portion of the insured premises. Besides if they not deliver mandated reports to the required agency, it will be easily discovered since their investigators will be wandering all over the fire scene collecting samples and making measurements while the police and fire department personnel are also at the scene preserving the scene, putting up yellow tape and doing their own investigation. Even if the statute is interpreted so as not to require the companies to deliver the reports where they do not "suspect" a fire was "caused by incendiary means" (whatever that means) query whether they would want to run the risk of having regulatory agencies disagree with their judgment on whether the fire was "caused by incendiary means". Furthermore, even if a fire is not suspected to be of incendiary origin, the insurance company has a strong self interest in turning reports prepared in its behalf to the fire department. Town agencies through inspections, enforcement and amendment of regulations can do much to prevent fire loss which insurers would otherwise be obligated to pay and it would be surprising if they were to give up this cooperative relationship with fire prevention agencies on some speculative fear that their insured might be sued by a tenant claiming damage to his or her property as a result of a fire CT Page 7042 — again their remedy on this score is easy, raise the premiums on their insured if the company is obligated to protect the insured against such claims.
(b)
But the defendant does not only base his argument on some general statutory policy argument. As noted, the defendant also rests his position on the construction he gives to subsection (d) of the statute. The agency receiving any information pursuant to the statute "shall hold the information in confidence until such time as its release is required pursuant to a criminal or civil proceeding." The defendant says that it is obvious that the "civil proceeding" referred to is a coverage dispute. But it seems to the court that, although here the fire department voluntarily delivered the report to the plaintiff, the plaintiff could have "required" the production of the report under P.B. § 243 and § 245(c) deposition procedure even though the company or the department are not actually parties to this action. The report would be available then pursuant to ordinary discovery procedures but for a finding that subsection (d) creates confidentiality rights against the production of such reports in all cases except coverage disputes.
The court is reluctant to give such a sweeping reading to subsection. (d). It would have the effect of excluding from trial and discovery highly relevant information collected very often soon after a fire. The language of subsection (d) does not require such a result and, for reasons previously discussed, the "chilling" effect hypothesis is not that persuasive. Furthermore, it is difficult to walk the analytical tightrope that says such information is not protected from discovery or use in coverage dispute cases but need not be so treated in other types of cases where, but for subsection (d), it would be available. How is the "chilling" effect argument greater in one situation as opposed to the other? Also, why would the legislature say in coverage dispute cases insurance companies cannot conceal highly relevant material otherwise discoverable by their insured but in cases where the insurer and insured have a common interest in defending against a third party claimant they can form a cabal to thwart ordinary discovery and rules of evidence? The court does not accept the arguments advanced by the defendant based on §38a-318 of the General Statutes[2].
(2) CT Page 7043
Other matters have been raised by the defendant in support of his motions. The court will first deal with some preliminary considerations. The insurer secured the services of this expert on its own and not upon the advice or suggestion of counsel. It is difficult to accept any argument that the expert was retained in anticipation of litigation, no litigation was threatened or contemplated at the time, thus the work product rule would not seem to apply, Cf. Guerrera v. Aetna Casualty Surety,9 Conn. L. Rptr. 184, 8 CSCR 689 (1993). Even if the work product rule applied it would seem that this case would fit the traditional exception to its operation. How can the plaintiff, without undue hardship, obtain the substantial equivalent of the material prepared by this expert in a situation where he examined the fire scene soon after the occurrence? Cf. LaLonde v. Ford Motor Co.,13 Conn. L. Rptr. 209 (1994).
But, in support of his motions the defendant does refer to P.B. § 220B which provides that a party may discover facts known or opinions held by an expert retained by another party in anticipation of litigation or preparation for trial, who is not expected to be called as a witness, only upon a showing of exceptional circumstances. But, the defendant cannot rely on this rule for several reasons. The expert here was not retained by a "party" as that term is defined in P.B. § 216(2), the insurance company is not a party in this case; it does not appear the expert can be said to have really been retained in anticipation of litigation or to prepare for trial and, in any event, exceptional circumstances do appear to exist since the fire scene as such no longer exists so it is difficult to comprehend how the plaintiff can obtain equivalent facts or opinions regarding its condition immediately after the fire.
The defendant's motion and objection to disclosure of the expert are denied.
CORRADINO, J.