MARCUS L. LANE ET AL. *v.* JAMES M. STEWART
(AC 15476)

Lavery, Hennessy and Spallone, Js.

Argued June 9—officially released August 12, 1997

*Robert L. Fisher, Jr.*, for the appellants (plaintiffs).

*Trudie R. Hamilton*, with whom, on the brief, were *John K. McDonald* and *William M. O'Donnell III*, for the appellee (defendant).

LAVERY, J. The plaintiffs, Marcus L. Lane and Barbara P. Lane, appeal from a judgment rendered after a jury trial in favor of the defendant, James M. Stewart, and the denial of plaintiffs' motion to set aside the verdict. The plaintiffs brought a negligence claim against the defendant for damages resulting from personal injuries suffered by Marcus Lane as the result of an accident that occurred on May 6, 1992. On appeal, the plaintiffs claim that the trial court improperly (1) quashed a subpoena duces tecum issued by the plaintiffs' counsel directed to the defendant's expert witness, (2) refused to instruct the jurors that they could draw an adverse inference from the defendant's failure to call as a witness an accident reconstruction expert hired by the defendant, (3) deprived the plaintiffs of their constitutional rights pursuant to the constitution of the United States and the Connecticut constitution to have the jury decide the factual issues in dispute by quashing the plaintiffs' subpoena duces tecum and refusing to charge the jury that it could draw an adverse inference, and (4) denied the plaintiffs' timely motion to set aside the verdict.

The following facts and procedural history are necessary for the disposition of this appeal. On May 6, 1992, the plaintiff Marcus Lane was operating a motorcycle westbound on Route 341 in Kent. The speed limit in that area was usually posted at thirty-five miles per hour, but at the time of the accident the state had reduced it to twenty-five miles per hour due to construction. The defendant was operating an automobile, making a left turn from the athletic fields of the Kent School onto Route 341 eastbound. As the defendant turned left, Marcus Lane, traveling at a high rate of speed on a motorcycle, collided with the defendant's automobile.

Prior to trial, the plaintiffs served a subpoena duces tecum on Michael E. Shanok, an accident reconstruction expert hired by the defendant to conduct an independent investigation and reconstruction of the accident in question. Pursuant to Practice Book § 220 (D),[1] the defendant disclosed Shanok as an expert witness. The defendant moved to quash the subpoena and the trial court granted the motion. Shanok did not testify at trial.

## I

The plaintiffs claim that the trial court improperly granted the defendant's motion to quash the plaintiffs' subpoena duces tecum served on Shanok. The plaintiffs argue that the trial court should have denied the defendant's motion to quash and compelled Shanok to testify at trial.

In this case, the defendant properly disclosed, pursuant to Practice Book § 220 (D), that Shanok would possibly be called as an expert witness at trial. The plaintiffs deposed Shanok, and as a result of his deposition testimony decided that they wanted to call him to testify in the event that the defendant did not.

The issue of compelling an opponent's expert witness to testify at trial has arisen twice before in the appellate courts of Connecticut. Both of these cases permitted the expert witness to testify. In *Thomaston* v. *Ives*, 156 Conn. 166, 174, 239 A.2d 515 (1968), the Connecticut Supreme Court held that a landowner in an eminent

---

[1] Practice Book § 220 (D), prior to its amendment effective October 1, 1995, provided in relevant part that "any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list. Each defendant shall disclose the names of his or her experts in like manner within 120 days from the date the case is claimed to a trial list. . . ."

domain proceeding may require an appraiser hired by the state, whom the state did not call, to testify concerning his valuation of the land. In *Barksdale* v. *Harris*, 30 Conn. App. 754, 764, 622 A.2d 597, cert. denied, 225 Conn. 927, 625 A.2d 825 (1993), this court held that the trial court should have allowed the plaintiff to call as a witness, a physician hired by the defendant as an expert witness who had personally examined the plaintiff.

The defendant argues that *Barksdale* can be distinguished from this case because it involved a physician who became a fact witness with firsthand knowledge as a result of performing a physical examination of the plaintiff. The physician in *Barksdale* also gave his expert opinion as to the severity of the plaintiff's injury and the defendant's causation of that injury. The present case involves an expert witness who conducted an investigation of an accident, reconstructing the events in question and ultimately reaching a conclusion as to what transpired based on his expertise in accident reconstruction.

There is no justification for a "rule that would wholly exempt experts from placing before a tribunal factual knowledge relating to the case in hand [or] opinions already formulated . . . ." *Kaufman* v. *Edelstein*, 539 F.2d 811, 821 (2d Cir. 1976). "[W]e think the rule favoring testimonial compulsion should be applied to all experts, including doctors, appraisers, and others." *Fenlon* v. *Thayer*, 127 N.H. 702, 707, 506 A.2d 319 (1986).

After cross-examining the plaintiffs' accident reconstruction expert, the defendant's counsel chose to rely on the testimony of five eyewitnesses and not to call Shanok to testify. Counsel for the defendant argues that her reason for not calling Shanok to testify was a result of her strategic decision to attempt to destroy the accident reconstruction opinion offered by the plaintiffs'

expert witness, and to expose inherent defects in the methods used by accident reconstructionists. The defendant argues that allowing one party to compel the testimony of the opponent's expert witness would have a negative impact on the adversarial system. We do not believe that the impact of such a decision would rise to that magnitude.

In its order on the defendant's motion to quash, the trial court stated that it refused to extend the ruling in *Barksdale* to the facts in this case. We disagree. In this case, the plaintiffs had already deposed the witness and wanted to compel his testimony at trial. By disclosing the witness, the defendant made it possible for the plaintiffs to discover evidence that the plaintiffs decided was beneficial to their case and should be brought before the trier of fact. To allow the defendant to prevent this witness from testifying may have deprived the trier of fact of material and relevant information that would have assisted it in reaching a decision in the case.

We hold that where one party has disclosed an expert witness pursuant to Practice Book § 220 (D), and that expert witness has either been subsequently deposed by the opposing party, or the expert's report has been disclosed pursuant to discovery, then either party may call that expert witness to testify at trial. This holding follows the rule adopted in other jurisdictions. See, e.g., *Kaufman* v. *Edelstein*, supra, 539 F.2d 811; *Granger* v. *Wisner*, 134 Ariz. 377, 656 P.2d 1238 (1982); *Fenlon* v. *Thayer*, supra, 127 N.H. 702. Even though the trial court improperly granted the defendant's motion to quash the subpoena duces tecum served on Shanok, we do not reverse the judgment of the trial court because we conclude the error was harmless.

"Any testimony in a case that tends of itself or in connection with other testimony to influence the result on a fact in issue is material. If the testimony would

tend to affect the verdict of the jury, it meets the test of materiality. . . . It is well established that if erroneously admitted evidence is merely cumulative of other evidence presented in the case, its admission does not constitute reversible error." (Citations omitted; internal quotation marks omitted.) *Swenson* v. *Sawoska*, 215 Conn. 148, 153–55, 575 A.2d 206 (1990).

In this case, the expert testimony of Shanok was not material. Shanok's report concerning the accident concluded that (1) at the instant of collision the motorcycle operated by Marcus Lane was traveling at fifty-nine miles per hour, (2) it was not possible for the defendant to have avoided the collision by his actions alone, and (3) the sole proximate cause of the collision was the excessive speed and reckless operation by Marcus Lane of his motorcycle. In addition, the jury had before it the testimony of five eyewitnesses who were present at the time of the accident, witnessed the events immediately preceding the accident, and testified that Marcus Lane was traveling at a high rate of speed. Upon our review of Shanok's report, we conclude that any testimony he might have offered would not have influenced the result on a fact in issue or affected the verdict of the jury, but would have been cumulative and supportive of the testimony of the five eyewitnesses. We find the trial court's quashing of the plaintiffs' subpoena duces tecum to be harmless error.

II

The plaintiffs' second claim is that the trial court improperly refused to include an adverse inference instruction in its jury charge following the defendant's failure to call his disclosed accident reconstruction expert to testify at trial. The plaintiffs argue that the requested instruction should have been given because the witness, Shanok, was available and was a witness that the defendant would naturally produce.

At the conclusion of the defendant's case, the plaintiffs requested that the court give the jury an adverse inference instruction pursuant to *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960). The trial court refused to deliver the requested instruction and made the specific findings that (1) the witness was available to the defendant and (2) the witness was not one that the defendant would naturally produce.

"In order for the trial court to give an instruction that the jury could draw an adverse inference from the failure of a party to call a witness, two requirements must be met: (1) the witness must be available; and (2) the witness must be one whom the party would naturally produce. [Id., 675]." *Barksdale* v. *Harris*, supra, 30 Conn. App. 762. The plaintiffs claim that the first requirement was met because the trial court made a specific finding that the witness was available to the defendant. We agree.

The defendant claims that Shanok was not a witness that he would naturally have produced. "A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." (Internal quotation marks omitted.) *State* v. *Dawkins*, 42 Conn. App. 810, 814, 681 A.2d 989, cert. denied, 239 Conn. 932, 683 A.2d 400 (1996), quoting *Secondino* v. *New Haven Gas Co.*, supra, 147 Conn. 675. An accident reconstruction expert hired to conduct an investigation and reconstruction of an accident, who is deposed by opposing counsel and who is disclosed as an expert in anticipation of testifying at trial pursuant to Practice Book § 220 (D), is a witness whom the party who hired him would naturally have produced.

The defendant also claims that Shanok is not a witness having peculiar or superior material information. The defendant argues that because five eyewitnesses testified at trial, any testimony offered by Shanok would have been cumulative. We disagree with the defendant's characterization of the possible testimony of Shanok. Shanok's expert testimony would have allowed the jury to hear testimony of an accident reconstructionist whose conclusions were based on his independent professional investigation of the accident. Had his testimony been a mere recital of that of eyewitnesses, we would agree with the defendant's characterization of that testimony as cumulative.

Because Shanok was the defendant's expert, it is reasonable to conclude that the defendant would have called him to testify had his findings been more favorable to the defendant than to the plaintiffs. *Barksdale* v. *Harris*, supra, 30 Conn. App. 764. We conclude that Shanok was a witness whom the defendant would naturally have produced had his testimony been favorable. A *Secondino* instruction, therefore, should have been given. Nevertheless, we conclude that Shanok's testimony would neither have benefited the plaintiffs nor affected the verdict of the jury. We find that the trial court's refusal to issue an adverse inference instruction constituted harmless error for the same reasons set forth in part I, concerning the quashing of the subpoena duces tecum.

### III

The plaintiffs next claim that the trial court improperly deprived them of their constitutional right to have the jury decide the factual issues in dispute by quashing their subpoena duces tecum of Shanok, and by refusing to give an adverse inference instruction to the jury. This claim is without merit and we decline to review it because we find no constitutional basis.

## IV

The plaintiffs' fourth claim is that the trial court improperly denied their timely motion to set aside the verdict. The plaintiffs argue that the trial court abused its discretion when it refused to set aside the verdict. We disagree.

"In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. . . . The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be indulged in favor of its correctness. . . . This is so because [f]rom the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than we can, on the printed record, what factors, if any, could have improperly influenced the jury. . . . It is the function of this court to determine whether the trial court abused its discretion in denying [a party's] motion. . . . In reviewing this issue, our sole responsibility is to decide whether, on the evidence presented, the jury could fairly have reached the conclusion it did." (Citations omitted; internal quotation marks omitted.) *Skrzypiec* v. *Noonan* 228 Conn. 1, 10–11, 633 A.2d 716 (1993).

The evidence presented at trial was more than adequate to support the verdict reached by the jury in favor of the defendant. We conclude that it was within the discretion of the trial court to refuse to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.