[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
At the trial management conference, the defendants filed a motion in limine arguing that the plaintiffs' only disclosed expert, Victoria Odesina, was not qualified to testify on issues of standard of care and causation in this medical malpractice case. At the request of the parties, a hearing was scheduled to resolve this critical issue, before voir dire commenced, because a ruling favorable to the defendants could necessarily result in the termination of the plaintiffs' case. See,Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103, 105 (1984). On May 20, 2002, the court, Shortall, J., after an evidentiary hearing, ruled that while Nurse Odesina could testify on standard of care issues, she was not qualified to testify on issues of causation. As a result of that ruling, the defendants filed the instant motion for summary judgment.
The plaintiffs argue that summary judgment should not enter because they have additional evidence on the issue of causation and, moreover, CT Page 7462 that in this case, expert evidence is not required. Taking the second argument first, this is a complex medical malpractice case and expert evidence is clearly required. Poulin v. Yasner, 64 Conn. App. 730, 738
(2001). While there are exceptions to the rule for gross negligence and the like, this is not a case where the exception applies. See, id.
As to the issue of additional evidence, the plaintiffs maintain, despite the belief and memory of both this court and the defendants at a chambers conference, that they did not agree that a decision precluding Nurse Odesina from testifying on causation would control the outcome of the case. Indeed, they make this statement even though the only expert they disclosed pursuant to Practice Book § 13-4 was Nurse Odesina. The plaintiffs argue instead that they may use the defendants' experts, through their deposition testimony, to prove the essential elements of their case. They indicate that they will use Dr. Seides and Nurse Pierson, as well as the defendant, and have attached certain portions of their depositions to this objection. They stress that Practice Book §§ 13-31(2) and (4) allow the use of depositions of physicians and parties at trial.
Notwithstanding the plaintiffs' failure to disclose any experts other than Nurse Odesina, Practice Book § 13-4(4); Rosenberg v.Castaneda, 38 Conn. App. 628 (1995); Gemme v. Goldberg, 31 Conn. App. 527,535 (1993), and assuming that their case could only be proved at trial through the use of the defendants' experts, a review of the attached transcripts for the purpose of determining this motion for summary judgment, reveals no evidence which would satisfy the plaintiffs' burden. The plaintiffs ask the fact finder to speculate and form conclusions on the issue of causation without any specific testimony by these witnesses an alleged breach to the damages suffered by the plaintiffs. See, Vinchiarello v. Kathuria, 18 Conn. App. 377, 382 (1989). It is one thing to utilize the testimony of an opponent's experts where that expert supports or is helpful to one's case; see, Lane v. Stewart,46 Conn. App. 172 (1997), but it is an entirely different matter to rely solely on that testimony to meet one's evidentiary burden where that testimony is not conclusive or sufficient. As the plaintiffs rely on this deposition testimony to oppose the motion for summary judgment and as the testimony does not meet the affirmative requirements for proving causation through expert testimony, summary judgment is appropriate and must be granted.
___________________ Berger, J. CT Page 7463