RICHARD PHELPS *v.* NATALIE E. LANKES ET AL.
(AC 22361)

Schaller, West and Peters, Js.

598

Argued October 21, 2002—officially released January 21, 2003

*David M. Poirot*, with whom, on the brief, was *Steven F. Meo*, for the appellant (plaintiff).

*Anita M. Varunes*, for the appellees (defendants).

*Opinion*

SCHALLER, J. The plaintiff, Richard Phelps, appeals from the judgment rendered by the trial court in this personal injury action following a trial to the jury. On appeal, the plaintiff claims that the court improperly denied his motion to set aside the verdict in which the

plaintiff claimed that the court gave the jury an improper instruction. Specifically, the plaintiff argues that the court improperly (1) instructed the jury on the issue of causation, (2) instructed the jury that it needed to establish an objective link between the motor vehicle collision at issue and the plaintiff's medical condition, and (3) failed to define the term "substantial factor." We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On January 19, 1997, the plaintiff was riding in the front passenger seat of a car operated by the defendant Natalie E. Lankes and owned by the defendant John Lankes. While traveling at a high rate of speed, Natalie Lankes lost control of the car, and it veered off of the road and struck a tree.

In November, 1998, the plaintiff brought an action sounding in negligence against the defendants. The plaintiff alleged injuries to his ribs, hips, lower back and spine. On April 6, 2001, the plaintiff amended his complaint to add a claim for risk of future surgery on his lumbar spine. In their August 1, 2001 answer, the defendants admitted negligence on the part of Natalie Lankes. The case was tried on the issues of causation and damages. The jury returned a verdict in favor of the plaintiff and awarded zero dollars for both economic and noneconomic damages. Additional facts will be set forth as necessary.

Before analyzing the issues before us, we first set forth the appropriate standard of review. "We review the trial court's denial of a motion to set aside a verdict by an abuse of discretion standard." *Treglia* v. *Zanesky*, 67 Conn. App. 447, 460, 788 A.2d 1263, cert. denied, 259 Conn. 926, 793 A.2d 252 (2002). "Appellate courts are disinclined to disturb jury verdicts because the trial court, from its vantage, is better able to assess the entire trial and because we review the evidence in the light

most favorable to sustaining that verdict." *Marshall* v. *Hartford Hospital*, 65 Conn. App. 738, 755, 783 A.2d 1085, cert. denied, 258 Conn. 938, 786 A.2d 425 (2001).

"A court is empowered to set aside a jury verdict when, in the court's opinion, the verdict is contrary to the law or unsupported by the evidence. . . . A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion. . . . Before determining whether the granting of a motion to set aside is proper, the trial court must look at the relevant law that it gave the jury to apply to the facts, and at the facts that the jury could have found based on the evidence. The law and evidence necessarily define the scope of the trial court's legal discretion. . . . The trial court, upon a motion to set aside the verdict, is called on to question whether there is a legal reason for the verdict and, if there is not, the court must set aside the verdict." (Internal quotation marks omitted.) *Carusillo* v. *Associated Women's Health Specialists, P.C.*, 72 Conn. App. 75, 83, 804 A.2d 960 (2002).

I

The plaintiff argues that the court improperly denied his motion to set aside the verdict because the court improperly charged the jury on the issue of causation. Additionally, the plaintiff argues that the court's charge misled the jurors into believing that the named defendant's negligence had to be the *sole* proximate cause of the plaintiff's injuries. We are not persuaded.

The following additional facts are relevant to the analysis of the plaintiff's claim. In its charge to the jury, the court stated: "Now, even though your sole issue is damages, there still has to be a determination regarding causal connection, and that is a causal connection of the physical impairment with injury. The plaintiff has the burden of proof to satisfy you that the injuries

he has suffered have been caused by the accident. If anything else is causing him pain, if his condition as it is today is due to *any* other cause than this particular accident, you will dismiss such claim from your mind." (Emphasis added.)

At the outset, we note our standard of review concerning claims of instructional error. "When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Raybeck* v. *Danbury Orthopedic Associates, P.C.*, 72 Conn. App. 359, 372, 805 A.2d 130 (2002).

To determine whether the court properly charged the jury we look to the law of negligence. "To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct legally caused the injuries. . . . As [our Supreme Court] observed . . . [l]egal cause is a hybrid construct, the result of balancing philosophic, pragmatic and moral approaches to causation. The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . .

"The second component of legal cause is proximate cause, which [our Supreme Court has] defined as [a]n

actual cause that is a substantial factor in the resulting harm . . . . The proximate cause requirement tempers the expansive view of causation [in fact] . . . by the pragmatic . . . shaping [of] rules which are feasible to administer, and yield a workable degree of certainty. . . . [T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection." (Citation omitted; internal quotation marks omitted.) *Vona* v. *Lerner*, 72 Conn. App. 179, 189–90, 804 A.2d 1018 (2002), cert. denied, 262 Conn. 938, 815 A.2d 138 (2003).

In *Barksdale* v. *Harris*, 30 Conn. App. 754, 756, 622 A.2d 597, cert. denied, 225 Conn. 927, 625 A.2d 825 (1993), the plaintiff appealed from the judgment rendered after a jury verdict in favor of the defendant in an action for personal injuries resulting from an automobile accident. The plaintiff thereafter filed a motion to set aside the verdict, which was denied. Id. On appeal, the plaintiff argued that the trial court improperly instructed the jury on the issue of proximate cause by repeatedly using the words " '*the* proximate cause,' " instead of " '*a* proximate cause.' " (Emphasis added.) Id. Although a proper jury interrogatory on the issue of proximate cause had been submitted, the court, with rare exception, referred to "the proximate cause" throughout the charge and the supplemental charge. Id., 757–58. That, the plaintiff argued, and we agreed, could have misled the jurors into believing that the defendant's negligence had to be the sole proximate cause of the plaintiff's injuries before the jurors could find the defendant liable. Id.

On the basis of our reasoning in *Barksdale*, it is apparent that the quoted portion of the instruction in the present case would be improper if it stood alone as the court's instruction on proximate cause. That is not the

end of our analysis, however. We must consider the jury charge as a whole to determine whether the court correctly instructed the jury with respect to the issue of causation.

On two occasions following the improper instruction, the court instructed the jury that the plaintiff must prove that the named defendant's negligence was a substantial factor causing the plaintiff's injuries.[1] Specifically, the court instructed the jury that "[e]ven though the question of liability is not before you, the plaintiff must prove to you by a fair preponderance of the evidence that the negligence of the defendant was the proximate cause of the injuries claimed. To be entitled to recover, the plaintiff must prove that the negligence of the defendant was a *substantial factor* in bringing about the injuries he claims to have suffered. Thus, even though liability or negligence is not an issue or not before you, you must still find that the negligence of the defendant was a *substantial factor* in causing the plaintiff's injuries before you may bring in a verdict against the defendant." (Emphasis added.)

Unlike the trial court in *Barksdale*, the court in this case did not repeatedly misinstruct the jury on the issue of proximate causation. On the basis of the court's reiteration of the proper charge, we view the initial comment as a mere "technicality . . . [that] could [not] have had a deleterious effect on the jurors' ability to reach a proper verdict." Id., 758. Despite the challenged instruction, the court's charge as a whole was not improper.

---

[1] Additionally, as discussed in part II, when the court later requested the jury to reconsider its verdict, the court reread the jury instruction concerning the element of causation. At that time, the court excluded the improper portion of the charge and stated that "the plaintiff must prove that the negligence of the defendant was a *substantial factor* in bringing about the injuries [the plaintiff] claims to have suffered." (Emphasis added.)

## II

The plaintiff argues that the court improperly denied his motion to set aside the verdict because the court charged the jury that it had to find an objective, instead of subjective, link between the accident and the plaintiff's medical condition. Because the plaintiff did not properly preserve the claim on the basis of that particular argument, we decline to afford it review.

After the court charged the jury, the jury deliberated and returned a verdict in favor of the plaintiff. The jury awarded zero dollars for both economic and noneconomic damages. Upon reviewing the verdict, the court held a brief sidebar with counsel and then requested to have the verdict announced. Before the verdict was accepted and recorded, however, the court requested that the jury reconsider its verdict amount. The court informed the jury that it was not requesting the reconsideration because it disagreed with the verdict or that it expected the jury to return with a different figure. Instead, the court requested the reconsideration because it had never "seen this situation, where it has been this kind of an amount."

During the second deliberation period, the jury delivered a question to the court inquiring whether "[w]ith liability already a given, is it true we need to establish an *objective* link between the accident and the medical condition of [the plaintiff]?" (Emphasis added.) In light of the question, and the court's pending answer, the plaintiff's counsel requested the court to "elaborate more on substantial factor, that it does not have to be the sole cause" because the plaintiff's counsel believed that the jury's question concerned "the heart of the issue on [the court's] original charge on causation." The court summoned the jury and answered "yes" to its submitted question. In addition, the court sua sponte reread the causation charge to the jury. Upon rereading

the charge and answering the question, the court inquired as to whether that had answered the jury's question. Nothing within the record indicates that the jury believed that its question had not been fully answered. The plaintiff did not take exception to the court's answer or the rereading of the causation charge.

After the jury continued its deliberations for a second time, the jury again returned a verdict in favor of the plaintiff and awarded zero dollars for both economic and noneconomic damages. The verdict was accepted and recorded.

On appeal, the plaintiff argues that he may recover damages in a personal injury action for pain and suffering even when such pain and suffering is evidenced exclusively by the plaintiff's subjective complaints. The plaintiff argues that in this instance, the court's answer to the jury's inquiry instructed the jury that objective evidence of injury was required. Although it is true that "[a] plaintiff may recover damages in a personal injury action for pain and suffering even when such pain and suffering is evidenced exclusively by the plaintiff's subjective *complaints*"; (emphasis added) *Delott* v. *Roraback*, 179 Conn. 406, 409, 426 A.2d 791 (1980); that precise issue was not raised at trial and therefore not preserved for appeal.

"The standard for the preservation of a claim alleging an improper evidentiary ruling at trial is well settled. This court is not bound to consider claims of law not made at the trial. . . . In order to preserve an evidentiary ruling for review, trial counsel must object properly. . . . In objecting to evidence, counsel must properly articulate the basis of the objection so as to apprise the trial court of the precise nature of the objection and its real purpose, in order to form an adequate basis for a reviewable ruling. . . . Once counsel states the authority and ground of his objection, any appeal

will be limited to the ground asserted." (Internal quotation marks omitted.) *United Technologies Corp.* v. *East Windsor*, 262 Conn. 11, 30, 807 A.2d 955 (2002).

Our review of the record indicates that at trial, the plaintiff's counsel objected to the re-charge on the ground that it did not clarify issues as to causation.[2] At no time did the plaintiff object to the re-charge with respect to the issue of subjective versus objective medical conditions. Because the plaintiff neither requested clarification of the jury's question, nor objected to the re-charge for the reason raised on appeal, we decline to review the claim.

## III

The plaintiff's final argument is that the court improperly denied his motion to set aside the verdict because the court failed to define the term "substantial factor" for the jury.[3]

"The meaning of the term 'substantial factor' is so clear as to need no expository definition. . . . Indeed, it is doubtful if the expression is susceptible of definition more understandable than the simple and familiar words it employs." (Internal quotation marks omitted.) *Mather* v. *Griffin Hospital*, 207 Conn. 125, 130, 540

---

[2] The plaintiff's counsel stated in relevant part: "I wanted to make it clear in regard, in response to the question, is there an objective link between the accident mechanics, Your Honor. I don't think it was proper to advise them that, because that's not the state of the law, in answering yes or no. And as I requested earlier, that the court charge on—the initial charge on causation indicated that if there [were] any other causes of pain, that they should dismiss, they should dismiss the claim. And I think that that charge was not necessarily cured by the charge that Your Honor gave subsequently on substantial factor. And it was—there was some confusion and contradiction in that, and the substantial factor issue should have been explained much further to the jury in light of that."

[3] It is important to note that the plaintiff does not argue that the court failed to provide a definition for the term "proximate cause." Rather, the plaintiff argues that he requested the court to provide a definition of the term "substantial factor" and that the court failed to provide such definition.

A.2d 666 (1988), quoting *Connellan* v. *Coffey*, 122 Conn. 136, 141, 187 A. 901 (1936), and *Pilon* v. *Alderman*, 112 Conn. 300, 301–302, 152 A. 157 (1930). Consequently, the court properly declined to define the term "substantial factor."[4] Because the court's instruction as a whole was proper, it was not an abuse of discretion to deny the plaintiff's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] We are not persuaded by the plaintiff's reliance on *Tesler* v. *Johnson*, 23 Conn. App. 536, 583 A.2d 133 (1990), cert. denied, 217 Conn. 806, 584 A.2d 1192 (1991). In that case, the defendant claimed that the trial court failed to explain the concept of proximate cause, not that the court failed to provide a definition for the term "substantial factor." Likewise, we are not persuaded by the plaintiff's reliance on *Jacques* v. *Carter*, 2 Conn. App. 27, 476 A.2d 621 (1984), or *Phoenix Mutual Life Ins. Co.* v. *Brenckman*, 148 Conn. 391, 171 A.2d 194 (1961). In those cases, the trial court failed to define a term that later was determined to have required additional explanation. In light of *Mather* v. *Griffin Hospital*, supra, 207 Conn. 130, further explanation of the term in question in this case is not warranted.